# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

SYLVIA M. JONES,

               Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,

               Agency.

DOCKET NUMBER
DA-0831-15-0014-I-1

DATE: June 1, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sylvia M. Jones, Houston, Texas, pro se.

Roxann Johnson, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision finding that the appellant received a refund of her retirement contributions to the Civil Service Retirement System (CSRS) and that she was not entitled to a

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

deferred annuity or to make a redeposit for her previous federal government service. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant worked for the U.S. Postal Service from September 1970, to February 1980, under the CSRS. Initial Appeal File (IAF), Tab 7 at 23. The record contains two applications for a refund of CSRS retirement contributions dated in December 1979, and February 1980. *Id*. at 32, 34. In April 1980, OPM authorized a refund in the amount of $6,373.73, which included $247.13 that had been taken out and paid to the appellant's former employing agency for overdrawn leave. *Id*. at 29. According to the appellant's individual retirement record (IRR), OPM paid refunds to both the appellant and the agency in April 1980. *Id*. at 14. The record contains a 1982 request from the state Department of Social Services for the appellant's retirement information and a signed authorization from the appellant authorizing OPM to release her retirement information to that department. *Id*. at 16-19, 23-24. In a March 1982 letter that

was sent in response to the request from the state Department of Social Services, OPM indicated that all retirement deductions had been refunded to the appellant and that no further benefits were due. *Id*. at 23.

¶3    In June 2014, the appellant filed an application for deferred retirement. *Id*. at 8-10. In a September 2014 final decision, OPM informed the appellant that she was not eligible to receive an annuity because she had received a refund of her retirement contributions. *Id*. at 6. OPM informed the appellant of her right to file a Board appeal. *Id*. at 6-7. The appellant appealed OPM's decision, asserting that she was not the one who originally applied for a refund of her CSRS contributions and that she never received the refund. IAF, Tab 1. The appellant specifically alleged that the handwriting and signature on the refund request form were not hers. *Id*. Before the administrative judge, the appellant alleged that OPM and her former employing agency had engaged in fraud. IAF, Tab 14. After holding a hearing, *see* Hearing Compact Disc (HCD), the administrative judge issued an initial decision affirming OPM's denial of the appellant's application for deferred retirement, IAF, Tab 19, Initial Decision (ID). She found that the appellant failed to prove that she did not receive the refund of her retirement contributions.[2] ID at 5-10.

¶4    The appellant has filed a timely petition for review in which she essentially reiterates the arguments that she raised below.[3] Petition for Review (PFR) File,

---

[2] Although the appellant initially appeared to assert claims of discrimination and retaliation, IAF, Tab 14, she clarified at the hearing that she was not asserting that OPM discriminated or retaliated against her, *see* HCD.

[3] On review, the appellant presents evidence and argument concerning instances of theft or alleged identity theft, a portion of her personnel record from the agency, and a statement from her sister. Petition for Review File, Tab 1. The appellant also states, for the first time on review, that she had received a check from the agency for $1,700 after she was removed. *Id*. at 4-5. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 215 (1980). The appellant

Tab 1. The agency has responded in opposition to the petition for review. PFR File, Tab 4.

## ANALYSIS

¶5        We find that the administrative judge correctly determined that the appellant failed to demonstrate by preponderant evidence that she did not receive a refund of her retirement deductions or that she was otherwise entitled to retirement benefits under the CSRS. *See* ID at 10-11. An applicant for retirement benefits bears the burden of proving entitlement to the benefits she seeks by a preponderance of the evidence.[4] *Jordan v. Office of Personnel Management*, 100 M.S.P.R. 623, ¶ 7 (2005); *see* 5 C.F.R. § 1201.56(b)(2)(ii). Subject to exceptions not applicable in this case, under 5 U.S.C. §§ 8334(d)(1), 8342(a), if an employee has received a lump-sum payment of her retirement deductions, her right to annuity payments thereafter is extinguished in the absence of any evidence showing that she was subsequently reemployed in a position subject to the Civil Service Retirement Act and she had redeposited the amount she received, with interest. *See Yarbrough v. Office of Personnel Management*, 770 F.2d 1056, 1060-61 (Fed. Cir. 1985). When, as here, the appellant denies receipt of a refund of retirement contributions, she bears the burden of proving such nonreceipt by preponderant evidence. *Manoharan v. Office of Personnel Management*, 103 M.S.P.R. 159, ¶ 12 (2006).

¶6        In addressing the issue of whether an appellant has received a refund of her retirement contributions, the Board will consider any office records kept by OPM showing that OPM previously had authorized a refund and will accord those records substantial weight to the extent that they give rise to an inference that the

---

has not made such a showing here. Additionally, even if we considered this evidence, it would not affect the outcome of the appeal.

[4] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

appellant actually received a refund.  *See, e.g.*, *Danganan v. Office of Personnel Management*, 55 M.S.P.R. 265, 269 (1992), *aff'd*, 19 F.3d 40 (Fed. Cir. 1994) (Table); *Rint v. Office of Personnel Management*, 48 M.S.P.R. 69, 72, *aff'd*, 950 F.2d 731 (Fed. Cir. 1991) (Table).  Evidence of such office records will typically outweigh an appellant's uncorroborated testimony that she never actually received a refund.  *See, e.g.*, *Sosa v. Office of Personnel Management*, 76 M.S.P.R. 683, 685-86 (1997).  Where definitive proof that the appellant actually received a refund no longer is available because of the appellant's delay in pursuing her claim, the Board has found that OPM's ability to defend the appeal has been impaired and that OPM would be unduly prejudiced if the Board required it to produce definitive proof of the appellant's actual receipt of the check.  *See id*. at 686.

¶7        In her decision, citing the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), the administrative judge found that the appellant's testimony that she did not receive the refund of her retirement contributions was not credible.  ID at 7-8.  She found that both refund applications contained the appellant's correct personal information and signatures that appeared similar to her signature on other documents in the record.  ID at 8; *see* IAF, Tab 7 at 32, 34 (the appellant's original applications for a refund); *see also* IAF, Tab 7 at 10, 18, 25-27, 36, Tab 14 (other examples of the appellant's signature).  She also found that, contrary to the appellant's testimony, there was no probative evidence of "tampering" or "fraud" regarding the second refund application.  ID at 8.  The administrative judge also stated that there was no evidence to support the appellant's conclusory and speculative statements regarding the perpetration of possible fraud, either by the father of her children, the U.S. Postal Service managers, or by the "federal government" at large.  ID at 9.  The administrative judge therefore concluded that the appellant was not entitled to a deferred annuity because she had received a refund of her CSRS contributions and that she was not otherwise entitled to a deferred annuity or to

make a redeposit for her prior federal service because she was not a federal government employee and had no other qualifying service. ID at 11.

¶8 We have reviewed OPM's records, including its refund authorization, the appellant's IRR, and its 1982 correspondence regarding the refund. Based on that review, we agree with the administrative judge that OPM's evidence gives rise to an inference that the appellant actually received the refund. IAF, Tab 7 at 13-35; *see Danganan*, 55 M.S.P.R. at 269.

¶9 We also agree with the administrative judge's determination that the appellant's testimony was not credible. *See* ID at 8. The Board will defer to the credibility determinations of an administrative judge when they are based, explicitly or implicitly, upon the observation of the demeanor of witnesses testifying at a hearing because the administrative judge is in the best position to observe the demeanor of the witnesses and determine which witnesses were testifying credibly. *Haebe v. Department of Justice*, 288 F.3d 1288, 1300-01 (Fed. Cir. 2002). The administrative judge found that the appellant's testimony was not credible in light of its inconsistencies with other evidence of record and the inherent improbability of the events occurring in the way the appellant contended. ID at 8. Because the administrative judge's credibility findings are based on proper considerations, supported by the record, and implicitly based on her observations, we will defer to them on review. *See Haebe*, 288 F.3d at 1300-01.

¶10 We note that the Board has held that it may be appropriate to hold OPM responsible for its own inability to defend the appeal where the appellant put OPM on notice shortly after her refund application that she had not received her refund. *Manoharan*, 103 M.S.P.R. 159, ¶ 18. However, in this case, the appellant applied for her refund in 1979 and 1980, IAF, Tab 7 at 32, 34, and did not assert to OPM that she did not receive her refund until 2014, when she indicated in her retirement application that she had not previously filed any application under the CSRS, *id.* at 9. We therefore find that OPM should not be

held responsible for its inability to prove that the appellant received the refund. *See Manoharan*, [103 M.S.P.R. 159](), ¶ 18.

¶11    The Board also has held that, although OPM's records typically will outweigh an appellant's uncorroborated testimony that she never actually received a refund, an appellant's credible explanation of events, supported by documentary evidence, may be sufficient to overcome OPM's evidence that it previously refunded the appellant's retirement contributions. *Id.*, ¶ 12-15. However, as previously discussed, we defer to the administrative judge's finding that the appellant's testimony was not credible; we also find that her testimony is not supported by documentary evidence. We therefore find that the appellant's testimony is insufficient to overcome OPM's evidence that she received a refund of her retirement contributions. *See Sosa*, 76 M.S.P.R. at 686.

¶12    Accordingly, we agree with the administrative judge's finding that the evidence as a whole does not establish that the appellant failed to receive the refund of her retirement contributions. *See* ID at 10-11. We therefore also agree that, because the appellant withdrew her retirement deductions, was not presently employed in the federal government, and did not have any other qualifying service, she was not entitled to make a deposit or to receive a deferred annuity. ID at 11 (citing [5 U.S.C. § 8342](a)); *see Morales v. Office of Personnel Management*, [58 M.S.P.R. 5](), 8-9 (1993)).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.